UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 06-192 (PAM/SRN) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Dan Thanh Nguyen, | |
| Defendant. | |

This matter is before the Court on Defendant Dan Thahn Nguyen's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Susan Richard Nelson on October 27, 2006, which recommends that the Court deny Nguyen's Motion to Suppress. The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

On January 6, 2005, Joe Brunette, a fraud investigator for Marshall Field's, contacted United States Postal Inspector Troy Sabby to discuss an alleged scheme to defraud the retailer. In particular, Brunette related his belief that Nguyen had executed a "bust-out scheme" using his Marshall Field's credit card. The alleged scheme involved Nguyen charging the maximum amount on his credit card account, paying Marshall Field's with a fraudulent check drawn against the bank account of Troung Pham, and then maxing out the credit account again before the check cleared the bank.

On January 11, 2005, Inspector Sabby interviewed Pham regarding the use of his

checks and checking account. Pham informed Inspector Sabby that the account had been closed three years earlier, that he did not write any of the checks to Marshall Field's, that he did not give any checks to Nguyen, and that he did not know that any checks were missing. Upon further probe, Inspector Sabby learned from Wells Fargo Bank investigators that Nguyen had defrauded other banks and credit card companies.

Based on the information gathered by Inspector Sabby, Detective John Blasingame of the Brooklyn Park Police Department prepared a search warrant application for Nguyen's residence. In his affidavit in support of the application, Detective Blasingame averred that he had received specialized training and experience in the investigation of financial crimes and identity theft. (Search Warrant Application at 3.) He also stated that he learned of the alleged scheme from Postal Inspector Sabby, who in turn learned of the scheme from Brunette, and who had interviewed Pham about the use of his checking account. (Id.) Detective Blasingame also explained that Investigator Brunette obtained surveillance videos from Marshall Field's, which "clearly show" Nguyen and another individual purchasing merchandise, and that Brunette had followed the suspects to a vehicle registered to a woman later identified as Nguyen's sister. (Id.) In addition, Detective Blasingame described additional video evidence showing the woman returning for cash three purses purchased by Nguyen on his Marshall Field's credit card. (Id.) Detective Blasingame also declared that Inspector Sabby learned through additional investigation that Nguyen had "defrauded at least nine banks and credit card companies for a total loss of approximately $80,000," through a similar scheme. (Id.) He further explained that Wells Fargo Bank investigators had reported

that eight other banks and credit card companies received $79,803.76 in checks drawn against Pham's closed account. (Id. at 4.) Finally, Detective Blasingame stated that he confirmed the address of Nguyen's residence in Brooklyn Park. (Id.)

Based on the search warrant application and supporting affidavit, Hennepin County District Court Judge Isabel Gomez issued a search warrant on February 8, 2005 for Nguyen's residence. The next day, officers from the Brooklyn Park Police Department and the United States Postal Inspection Service executed the search warrant and seized evidence of the alleged scheme. Thereafter, Nguyen was arrested and charged with twelve counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

Nguyen moved to suppress the evidence obtained from the warrant, arguing that the affidavit lacked probable cause. He also argued that the good faith exception of United States v. Leon, 468 U.S. 897 (1984), did not apply because the affidavit contained scarce indicia of probable cause. The R&R found that Detective Blasingame's affidavit was supported by probable cause in accordance with Illinois v. Gates, 462 U.S. 231, 236 (1983). Alternatively, even if probable cause did not exist, the R&R recommended that the Court not suppress the evidence because the Leon good faith exception would apply.

**DISCUSSION**

Nguyen questions the validity of the search warrant on several grounds. "To be valid, a search warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime . . . may be found in the place to be searched." Walden v. Carmack, 156 F.3d 861, 870 (8th Cir.

1998) (citations omitted). The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." Id. at 232. "Probable cause may be found in hearsay statements from reliable persons; in hearsay statements from confidential informants corroborated by independent investigation; or in observations made by trained law enforcement officers." Walden, 156 F.3d at 870 (internal citations omitted).

Nguyen first argues that the search warrant was constitutionally defective because Detective Blasingame relied heavily on information gathered by Inspector Sabby, and that information was flawed. Specifically, he claims that the surveillance videos do not "clearly show" Nguyen as an individual making a purchase. In addition, he notes that a postal inspector report named one individual as Nguyen's alleged accomplice, while the affidavit named another individual as the same accomplice.

Notably, Nguyen does not argue that the affidavit misidentified him as the individual involved in the alleged scheme. Moreover, his challenges are based on matters outside the four corners of the affidavit. In determining whether probable cause existed for the warrant, the Court may not consider facts outside of the affidavit. See United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982). The affidavit itself contained nothing that could be construed as a misrepresentation or inconsistency. Thus, the Magistrate Judge properly rejected

Nguyen's argument on this point.

Next, Nguyen argues that the supporting affidavit failed to set forth any indication that evidence relating to the alleged scheme would be found at his residence. He submits that the affidavit must provide explicit reasons for believing that evidence will be found at a particular location. A search warrant application must provide "evidence of a nexus between the contraband and the place to be searched." United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000) (citing United States v. Koelling, 992 F.2d 817, 823 (8th Cir. 1993)). However, the judge should read the application in a practical, common sense manner and "not in a grudging, hyper technical fashion." Walden, 156 F.3d at 870.

The warrant application sought documents relating to several credit card and bank accounts, as well as retail merchandise acquired through the alleged scheme. The judge reasonably inferred that such evidence would be found in Nguyen's residence, especially since individuals commonly receive financial account information at their residence and there was no evidence that Nguyen immediately sold the merchandise or stored it elsewhere. Accordingly, the affidavit provided a sufficient nexus between the evidence sought and Nguyen's residence.

Finally, Nguyen objects to the Magistrate Judge's reliance on the good-faith exception to the exclusionary rule. In Leon, the United States Supreme Court identified four circumstances in which the good faith exception does not apply. 468 U.S. at 923. Nguyen relies on the third circumstance: when the warrant is "based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"

Id.

In this case, the facts set forth in the supporting affidavit provided a sufficient basis to find probable cause to search Nguyen's residence. In particular, the affidavit recited various incriminating facts, obtained by law enforcement officers and private fraud investigators, which explained how Nguyen executed the alleged scheme. The affidavit also described evidence already obtained that implicates Nguyen in the scheme. Consequently, it was reasonable for the officers who executed the warrant to believe that it was supported by probable cause. Thus, even if the search warrant was invalid, the good faith exception to the exclusionary rule applies.

**CONCLUSION**

The Court has conducted a de novo review of the record and finds that the search warrant at issue was supported by probable cause. Even if probable cause did not exist, this case falls under the Leon good faith exception to the exclusionary rule. Thus, the evidence was properly seized from Nguyen's residence, and his subsequent statements were not tainted by illegality. Accordingly, **IT IS HEREBY ORDERED** that:

1. Nguyen's Motion to Suppress (Docket No. 28) is **DENIED**;

2. The Court **ADOPTS** the R&R (Docket No. 49); and

3. Nguyen's Objections to the R&R (Docket No. 50) are **OVERRULED**.

Dated: December 4, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge