UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 06-192 (PAM/SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| Dan Thanh Nguyen, | |
| Defendant. | |

This matter is before the Court on Defendant Dan Thanh Nguyen's Motion for New Trial. For the reasons that follow, the Court denies the Motion.

Federal Rule of Criminal Procedure 33 allows the Court to vacate a verdict and grant a new trial if justice so requires. Fed. R. Crim. P. 33(a). However, the Court will grant a new trial "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Lacey, 219 F.3d 779, 783 (8th Cir. 2000) (citations omitted). Defendant advances three arguments in support of his Motion.

**A.     Language Deficiency**

First, Defendant argues that he lacked sufficient comprehension of the English language to understand the trial proceedings. He concedes that he did not inform the Court of his alleged deficiency, but contends that the Court should have sua sponte provided him with an interpreter. "When a trial court is 'put on notice that there may be some significant language difficulty,' the court should determine whether an interpreter is needed; the trial court has wide discretion in making that determination." Luna v. Black, 772 F.2d 448, 451

(8th Cir. 1985) (citation omitted). A court does not abuse its discretion in failing to appoint an interpreter "where there is no request for an interpreter and the record shows no need for one in that the defendant has no difficulty in communicating." Id.

In this case, defense counsel specifically informed the Court that Defendant did not need an interpreter. Moreover, the record indicates that no interpreter was necessary. Defendant has lived in the United States for approximately twenty years, attended public school in Michigan for several years, and maintained employment that required competency in the English language. Furthermore, Defendant was formally deposed in English and interviewed by law enforcement in English. Finally, Defendant provided no indication that an interpreter was needed when the Court spoke to Defendant before trial. Based on a finding that Defendant did not need an interpreter for trial, the Court denies Defendant's Motion on this point.

**B.   Brady Violation**

Defendant contends that the Government's untimely disclosure of advertising material featuring Hiep Huynh violated Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the United States Supreme Court held that the Government's suppression of material evidence favorable to the defendant violates due process. Id. at 87. Evidence is material for purposes of Brady analysis only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 682 (1985); Clay v. Bowersox, 367 F.3d 993, 1000 (8th Cir. 2004); see also Kyles v. Whitley, 514 U.S. 419, 432-37 (1995) (explaining the materiality standard). Thus, to

establish a Brady claim, Defendant must show that (1) the information is favorable to him; (2) the Government suppressed the evidence; and (3) the evidence was material to the issue of guilt or punishment.  Strickler v. Green, 527 U.S. 263, 281-82 (1999); United States v. Brown, 360 F.3d 828, 832 (8th Cir. 2004).  "Brady is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation."  United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994) (citations omitted).

Defendant fails to show that the advertisement was material to his guilt or innocence.  Indeed, during trial the Court ruled that the advertisement was irrelevant because there was no evidence that Defendant saw or relied upon it.  Moreover, the Government disclosed the advertisement during trial.  Brady does not require pretrial disclosure as long as ultimate disclosure is made "before it is too late for the defendant to make use of any benefits of the evidence."  Nassar v. Sissel, 792 F.2d 119, 121 (8th Cir. 1986); see also United States v. Kime, 99 F.3d 870, 882 (8th Cir. 1996) (limiting the Brady rule to the discovery of information after trial that was known to the prosecution but unknown to the defense).  Thus, even if the Government delays the disclosure of evidence, Brady is not violated if the evidence is nonetheless disclosed at trial and the defense has the opportunity to use it.  United States v. Einfeldt, 138 F.3d 373, 377 (8th Cir. 1998) (citing United States v. Gonzalez, 90 F.3d 1363, 1368 (8th Cir. 1996)).  Because the advertisement was both disclosed and irrelevant, the Court denies Defendant's Motion on this point.

**C.    Evidentiary Ruling**

During trial, the Court excluded evidence of other individuals' knowledge of other

bust-out schemes, reasoning that the evidence was irrelevant to the determination of whether Defendant was guilty of the scheme alleged in the Indictment. Defendant contends that evidence of Hiep Huynh's orchestration of a bust-out scheme was essential to his defense. The Court admitted evidence of Hiep Huynh's involvement with Defendant's transactions. However, as the Court previously ruled, Hiep Huynh's involvement in other schemes was irrelevant to Defendant's knowledge and intent regarding the scheme alleged in the Indictment. Accordingly, the Court denies Defendant's Motion on this ground as well.

The Court finds no grounds that warrant vacating the verdict and granting a new trial.[1] Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial (Docket No. 82) is **DENIED**.

Dated:   February 13, 2007

s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

---

[1] The Court notes that the original Motion for New Trial (Docket No. 79) contained an argument based on ineffective assistance of counsel. However, Defendant filed a corrected version of the Motion (Docket No. 82), which did not contain that argument. Accordingly, the Court will not address it.